# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andre J. Portee,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0546** (Fayette County 17-C-152)

**City of Mount Hope,**
**Defendant Below, Respondent**

**FILED**

**June 29, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andre J. Portee, pro se, appeals the June 12, 2017, order of the Circuit Court of Fayette County dismissing his civil action against Respondent City of Mount Hope ("the City") for false arrest and property damage during the execution of a search warrant. The City, by counsel Chip E. Williams and Jared C. Underwood, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner lives at a residence in Mount Hope, West Virginia. On October 22, 2016, the City's police department was contacted regarding an incident at petitioner's residence. Reportedly, a woman at petitioner's residence attempted to leave to go to her mother's house;[1] however, according to the criminal complaint,[2] petitioner followed the woman out of his residence and forcibly removed her from her mother's vehicle. Petitioner began hitting and kicking the woman. The woman's mother defended her daughter by exiting her vehicle, picking up a flower pot, and throwing it at petitioner. In response, petitioner threw pieces of the broken flower pot at the woman's mother. Meanwhile, the woman was able to get back inside the passenger's side of the

---

[1]The exact nature of the relationship between petitioner and the woman is not disclosed by the record.

[2]We take judicial notice of petitioner's criminal case, No. 16-M-10M-02970, and note that, in ruling on a motion to dismiss, a court is permitted to "consider matters that are susceptible to judicial notice." *See Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) (internal quotations and citations).

1

vehicle. The woman's mother got back inside the driver's side and began backing the vehicle out of petitioner's driveway. While the vehicle was backing out, petitioner got behind the vehicle and attempted to remove its license plate, damaging it. The criminal complaint is dated October 24, 2016, and signed by a magistrate who found "[p]robable cause" for charging petitioner with two counts of misdemeanor assault, one count of misdemeanor battery, and one count of misdemeanor destruction of property. The magistrate also signed a warrant for petitioner's arrest, finding "probable cause to believe that" he committed the offenses.

While petitioner was in police custody prior to his release on bond, a second magistrate found "probable cause" for a search of petitioner's home. The search warrant specified that the police could seize various types of electronic equipment found at the residence including "computer software, tapes and discs, audio tapes, *and the contents therein, containing the information generated by the electronic equipment.*" (Emphasis added.). According to petitioner, the search warrant was served while he was in a holding cell. The police asked petitioner for the keys to his house, entered his residence, and removed a DVR recording device that petitioner was using for surveillance both inside and outside his home. On March 28, 2017, the magistrate court dismissed the four charges against petitioner because both the woman whom he allegedly attacked and her mother failed to appear as witnesses at his bench trial.

On April 11, 2017, petitioner filed a civil action against the City alleging "[d]amages to DVR and door and door frame and [his] person." In his complaint, petitioner further alleged that he was arrested "falsely" and made some supporting allegations regarding the seizure of the DVR device from his home such as that there was no reason to damage his front door given that the police had the keys to the house. Petitioner devoted a substantial portion of his complaint to a discussion of the types of monetary damages potentially available if he could prove his claims. Petitioner asked for unspecified compensatory damages and $100,000 in punitive damages.[3] To the complaint, petitioner attached several exhibits including the arrest warrant, the search warrant, and a receipt showing that he paid $349.99 for the DVR device. On May 18, 2017, the City filed a motion to dismiss petitioner's action pursuant to the immunity provisions set forth in the West Virginia Governmental Tort Claims and Insurance Reform Act ("the Act"), West Virginia Code §§ 29-12A-1 through 29-12A-18.[4] Following a hearing, the circuit court dismissed the action on June 12, 2017, finding, *inter alia*, that the City had immunity from petitioner's claims pursuant to West Virginia Code § 29-12A-5(a)(3).[5]

---

[3] We note that, because petitioner seeks to recover from a political subdivision for "[d]amages to DVR and door and door frame and [his] person," punitive damages are not available pursuant to West Virginia Code § 29-12A-7(a).

[4] West Virginia Code § 29-12A-3(b) defines a "municipality" as "any incorporated *city*, town or village and all institutions, agencies or instrumentalities of a municipality." (Emphasis added.). A municipality is included within the definition of a "political subdivision" pursuant to West Virginia Code § 29-12A-3(c).

[5] Having found this ground sufficient to affirm the dismissal of petitioner's action, *see* (Continued . . .)

2

Petitioner now appeals the circuit court's June 12, 2017, dismissal of his action due to statutory immunity. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). In syllabus point 3 of *West Virginia Regional Jail and Correctional Facility Authority v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014), we reiterated:

> "The ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (1996).

On appeal, petitioner argues that the circuit court erred in dismissing his action against the City. The City counters that the circuit court properly interpreted the vague allegations in petitioner's complaint as raising claims from which it is immune. We agree with the City.

"[I]n civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff." *Hutchison*, 198 W.Va. at 149, 479 S.E.2d at 659. As we explained in *Hutchison*, "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." *Id.* at 148, 479 S.E.2d at 658. Here, we agree with the circuit court's finding that it is "difficult, at best," to discern what, if any, causes of action are asserted by the complaint. The circuit court ultimately determined that petitioner raised a claim of false arrest and a negligence claim regarding alleged damage to his front door and DVR device during the execution of the search warrant. We find that, in determining that petitioner's allegations regarding his damaged property amounted to a negligence claim, the circuit court construed his complaint in his favor because, while a municipality is sometimes liable for its employees' negligent conduct under the Act, "claims of intentional and malicious acts are included in the general grant of immunity in [West Virginia Code§] 29-12A-4(b)(1)." *Zirkle v. Elkins Road Public Service Dist.*, 221 W.Va. 409, 414, 655 S.E.2d 155, 160 (2007); *see Mallamo v. Town of Rivesville*, 197 W.Va. 616, 624-25, 477 S.E.2d 525, 533-34 (1996) (finding that the town had no liability where it was alleged that its police chief committed conspiracy because conspiracy was an intentional act, not negligence).

"Furthermore, certain claims of negligence may be subject to one of the specific immunity provisions of [West Virginia Code §] 29-12A-5." *Zirkle*, 221 W.Va. at 414, 655 S.E.2d at 160. In this case, the specific immunity provision is West Virginia Code § 29-12A-5(a)(3) which provides that "[a] political subdivision is immune from liability if a loss or claim results from . . . (3) [e]xecution or enforcement of the lawful orders of any court." To his complaint, petitioner attached the arrest warrant and the search warrant as exhibits. We treat the warrants as part of the

---

*infra*, we decline to address the other grounds relied upon by the circuit court.

complaint pursuant to syllabus point one of *Forshey v. Jackson*, 222 W.Va. 743, 671 S.E.2d 748 (2008), in which we held that attached exhibits may be considered in the consideration of a motion to dismiss without converting the motion into one for summary judgment. With regard to the false arrest claim, we find that the arrest warrant was a lawful order because it was signed by a magistrate who found probable cause.

We further find that the search warrant constituted a lawful order for that same reason. Accordingly, with regard to the claims alleging that petitioner's front door and DVR device were damaged, we find that the search warrant authorized an entry of petitioner's home and the seizure of the DVR device "and the contents therein, containing the information generated by the electronic equipment." Petitioner's specific allegation regarding the DVR device is that its hard drive was "fried." However, given that "the information generated by the electronic equipment" constituted an item to be seized, we find that, if the DVR device's hard drive was negligently destroyed during the seizure, that negligent conduct came within the scope of the search warrant's authorization. Therefore, we conclude that the circuit court properly found that the City had immunity from petitioner's claims arising out of actions involving the execution or enforcement of lawful court orders and did not err in dismissing his action.[6]

For the foregoing reasons, we affirm the circuit court's June 17, 2017, order dismissing petitioner's civil action against the City.

Affirmed.

**ISSUED:** June 29, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating.

---

[6]On appeal, petitioner argues that his action against the City should be revived based on statutes and causes of action not found in his complaint. The City counters that we should disregard all such arguments because they were not presented to the circuit court. We agree with the City and decline to address any arguments based on statutes and causes of action not found in petitioner's complaint. *See A.B.*, 234 W.Va. at 519, 766 S.E.2d at 778 (finding that "[a]n appellate court must accept the record as it was originally presented") (internal quotations and citations omitted); Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

4